UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMIE M.,                                                    Case No. 3:25-cv-00639-AR

              Plaintiff,                          OPINION AND ORDER

     v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

              Defendant.

---

**ARMISTEAD, United States Magistrate Judge**

Jamie M. challenges the Commissioner's final decision denying her disability benefits, arguing that the Administrative Law Judge (ALJ) erred in analyzing the medical opinions of Margaret Burkes, Naturopathic Doctor (ND); Shalmahesen Lester, Licensed Professional Counselor (LPC), Certified Alcohol and Drug Counselor, Level II (CADC II); and Joseph Resendiz, Doctor of Osteopathic Medicine (DO). (Pl.'s Br. at 3-14, ECF 9.) The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th

Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). With that standard of review applied, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

**(1)  *Margaret Burkes, ND.*** Plaintiff challenges the ALJ's finding that Burkes' March 3, 2023, medical source statement about her mental impairments was not persuasive. The ALJ found that Burkes opinion was undermined by (1) her activities of daily living (ADLs); (2) normal status and consultative examinations; and (3) Burkes' inconsistent assessment of concentration, persistence and pace. (Tr. 29.) In plaintiff's view, the finding of unpersuasiveness lacked substantial evidence and an explanation of the opinion's supportability. ((Pl.'s Br. at 4-9); *see Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2) (ALJs must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors.")).

As for the ADL's, the ALJ found that plaintiff's hobbies (like reading), plans, socializing with family, household chores, daily visits to the cannabis dispensary when it was uncrowded, and occasional trips to the corner store to get ice cream with her fiancée showed that her limitations were not as debilitating as Burkes opined they were. (Tr. 29); *see Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (observing that a medical opinion can be undermined by a plaintiff's reported activities if supported by substantial evidence). Yet the ALJ failed to explain how those minimal activities were inconsistent with Burkes' opinion of plaintiff's severe anxiety, depression, and agoraphobia. For example, how could plaintiff's reading or having an idea or plan about developing property be inconsistent with those mental health conditions? Nor is it apparent that plaintiff's ability to practice self-care, garden, do laundry, and clean around the

Page 2 – OPINION AND ORDER
*Jamie M. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00639-AR

house was inconsistent with Burkes' opinion that she would be off-task and miss work. It was unreasonable for the ALJ to find Burkes' opinion that plaintiff could not appropriately interact with others inconsistent with the record because she sometimes left the house to get ice cream with her fiancée and regularly spoke to her brother on the phone. The fundamental human need for interpersonal connection with loved ones and negligible efforts at taking care of oneself despite one's mental health conditions are insufficient to support a disability determination, and the ALJ's determination that plaintiff's ADLs were inconsistent with Burkes' opinion is not supported by substantial evidence in the record. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (holding that claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

As for the normal status exams and a consultative exam on which the ALJ relied to discount Burkes' opinion that plaintiff had limitations in following instructions and understanding, remembering, and applying information, the court agrees with plaintiff that the ALJ ignored medical notes from the same provider that also showed that she struggled with understanding, remembering, and concentrating when stressed, anxious, or overwhelmed. (Pl.'s Br. at 7-8, citing Tr. 1387.) The ALJ was incorrect to refer to those exams without context. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (holding that ALJ may not "cherry pick" evidence that disfavors disability without considering its context in record). And plaintiff's normal status exams do not conflict with Burkes' opinion because Burkes opined that her limitations in understanding, remembering, and applying information were based on her inability to do those activities "on a sustained basis." (Pl.'s Br. at 6-7.); (Tr. 968.)

Also absent from the ALJ's analysis of Burkes' opinion was a discussion of the supportability factor. Other than noting that Burkes "supported the opinion by citing the treatment history with the claimant since December 2015," the ALJ did not make supportability findings. *Id.* Although the Commissioner is correct that an ALJ may reasonably find a medical opinion unpersuasive if it is inconsistent with the evidence even if the opinion is supported by examination notes, the Commissioner's argument is unavailing because the ALJ's evaluation of the consistency factor is not supported by substantial evidence, and the ALJ offered no findings on supportability. Thus, the ALJ's overall discussion about the persuasiveness of Burkes' opinion is unsupported; consequently, the ALJ erred in evaluating Burkes' opinion.

**(2)  *Shalmahesen Lester, LPC, CADC II.*** The ALJ was also unpersuaded by the January 9, 2024, medical source statement from Lester—plaintiff's counselor—about plaintiff's mental-impairment limitations (depression, anxiety, and agoraphobia with panic disorder), which largely mirrors Burkes' opinion. (Tr. 29; *Compare* Tr. 1285-92, *with* Tr. 1317-27.) Similar to his finding on Burkes' medical opinion, the ALJ was unpersuaded by Lester's opinion because it was inconsistent with plaintiff's ADLs and normal status exams. (*Compare* Tr. 29-30, *with* Tr. 28-29.) Again, the ALJ did not address the supportability of Lester's opinion except to state that Lester cited "treatment notes since August 2022." (Tr. 29.) As explained above, because the ALJ's findings on the consistency factor are not supported by substantial evidence, and the supportability factor is not discussed, the ALJ erred in evaluating Lester's opinion.

**(3)  *Joseph Resendiz, DO.*** The ALJ was not persuaded by an opinion from Resendiz that, after a physical consultative examination, diagnosed plaintiff with mental and physical conditions and concluded that, among other limitations, plaintiff could occasionally overhead reach and forward

Page 4 – OPINION AND ORDER
*Jamie M. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00639-AR

reach. (Tr. 30.) Plaintiff takes issue with the ALJ's reaching finding because she contends it lacks substantial evidence and supportability. The ALJ found that Resendiz supported his opinion with an examination, but that it "appear[ed] some of these limitations are based on the claimant's self-report instead of other objective medical evidence." (Tr. 30.) Not so. Resendiz based his opinion about plaintiff's reaching limitations on his physical examination, including reduced range of motion (Tr. 939-44), explaining that plaintiff's reaching limitations were justified by "Right shoulder bursitis with decreased range of motion" (Tr. 943). The ALJ's supportability factor concerning Resendiz's reaching limitation is thus not backed by substantial evidence.

**(4)  *Remedy.*** Remand for further administrative proceedings is necessary. That is because the ALJ erred in evaluating the medical opinions of Burkes, Lester, and Resendiz, and those errors may have affected the remaining steps, including her RFC. Nor did plaintiff challenge the ALJ's rejection of her subjective symptom testimony in this appeal and, therefore, outstanding issues must be resolved before a determination of disability can be made. *See Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (noting that remand for further proceedings is appropriate when consideration of the record casts serious doubt as to claimant's disability as defined by the Social Security Act). The errors here are not "inconsequential to the ultimate nondisability determination." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

On remand, the ALJ will reevaluate the medical opinions of Burkes, Lester, and Resendiz addressing their supportability and consistency with the record. As warranted, the ALJ will reevaluate plaintiff's RFC, obtain any supplemental VE evidence, and conduct any other reasonable measures necessary. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (stating

that remand is appropriate where "additional proceedings can remedy defects in the original administrative proceeding").

**CONCLUSION**

For the above reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings.

ORDERED: June 5, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 6 – OPINION AND ORDER
*Jamie M. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00639-AR